```
      ___ FILED           ___ RECEIVED
      ___ ENTERED         ___ SERVED ON
                          COUNSEL/PARTIES OF RECORD

              DEC - 7 2010

      CLERK US DISTRICT COURT
        DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| MARILYN S. KWOLEK, ) | |
| ) | |
| Petitioner, ) | Case No. **3:10-cv-00763** |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## DECLARATION OF ROBERT G. BERNHOFT

I, Robert G. Bernhoft, declare that:

1. I represent the Petitioner, Marilyn Kowlek ("Kwolek"), in the above-referenced matter, and hereby execute this Declaration in support of her "Petition to Quash IRS Summons."

2. Except where explicitly noted to the contrary, I have personal knowledge of the facts set forth in this Declaration and, if called upon to testify to said facts, could do so competently.

3. Attached hereto as "Exhibit A" is a true and correct copy of the IRS Summons issued to Catherine Ferguson, located at 774 Mays Blvd., #10-211, Incline Village, Nevada, 89451.

4. From counsel's professional experience and as further confirmed by comments made by IRS and DOJ Tax Division personnel at the recent American Bar Association-sponsored Criminal Tax Fraud Conference in San Francisco, upon information and belief, as discovery will show, the IRS is longer institutionally committed to abiding the strictures of *Tweel*. *See United States v. Tweel*, 550 F.2d 297 (5th Cir. 1977) and *United States v. Dahlstrum*, 493 F.Supp. 966 (C.D. Cal. 1980). Instead, through the use of so-called "fraud technical

1

advisors," upon information and belief, and discovery will show, the IRS institutionally utilizes civil audits as subterfuge methods to acquire information and discovery, and especially interviews of the target, to build criminal cases, often in manners contrary to the dictates of *Tweel*. As an example, the goal is to "lull" the taxpayer into believing the taxpayer is under a purely civil inquiry when in fact the IRS intends and is using the civil process in service to a criminal case in order to elicit admissions from the unsuspecting taxpayer. The *modus operandi* of the program, upon information and belief, is to not formally refer the case for criminal prosecution until the IRS Revenue Agent ("RA") summons the target for interviews and elicits incriminating information without the taxpayer knowing the true intent of the interview is admissions for a case the RA has already determined as a criminal referral. The tell-tale indicators of such an illicit audit, from counsel's prior experience and review, includes: (a) the RA summonsing the taxpayer in for a set of interrogations after the RA has already determined the case appropriate for criminal referral; (b) an RA being assigned to the case from an unusual office (not the taxpayer's regional office, for example, as here); (c) an RA handling more than just a 3-year tax period and involved in multiple stages of a matter (such as acting as auditor, and collector, with audits, notices of deficiency, and collection notices); (d) an RA with unexplained access to grand jury materials, as here; and (e) an RA who tends to testify for the government in criminal cases.

5. I spoke with IRS Revenue Agent Dennis Brown ("RA Brown"), who issued the summons challenge here. Those discussions, along with additional investigation revealed what discovery and testimony will also prove: RA Brown had previously initiated an audit into Dr. Kwolek, RA Brown previously used the information developed within the audit to make a criminal referral to the IRS for prosecution, and Dr. Kwolek was previously under grand jury investigation.

6.　　　Upon specific inquiry, RA Brown stated the case was now "purely civil" and not criminal, but then later revised his comments to what appeared to constitute a non-committal status on the purely civil nature of the case as a whole. RA Brown claimed access to documents and information subpoenaed by a grand jury, and RA Brown did not volunteer how he could have access to such documents without a court order if the case had been transferred from criminal to civil. Upon information and belief, the prior civil-audit-turned-criminal-proceedings failed to conform to the proper and traditional IRS protocols, including pre-grand jury authorization by the Department of Justice and proper notice to any target thereof. *See Internal Revenue Manual* 9.5.12.3.1 (2007); *see also Internal Revenue Manual* 9.5.2.3.3 (2004). RA Brown, based in Sacramento, is involved in auditing more than three years of a return and auditing a taxpayer outside his traditional geographic area. RA Brown also refused to disclose whether the case involved a criminal inquiry into anyone else this summons relates to.

7.　　　Of note, the government has called RA Brown as a witness in high profile federal criminal tax cases as an expert IRS' witness, a role usually reserved, in counsel's experience, for agents with a prominent role in the criminal tax process. Upon information and belief, RA Brown is assigned cases intended and institutionally developed to be criminal cases in the IRS's new non-*Tweel*-conforming programs misusing Fraud Technical Advisors as *de facto* criminal investigators. RA Brown, during his first audit, used two such summons' interviews of Dr. Kwolek under the guise of a purely civil audit before making his criminal referral for indictment and prosecution. Upon information and belief, RA Brown had already previously committed to a criminal inquiry of Dr. Kwolek at the time he summonsed her for a "civil" audit in his first audit. Upon information and belief, RA Brown has already made a commitment to make a *second* criminal referral in this case, and is using the civil process, again, for criminal referral and criminal investigatory purposes. Upon information and belief, the IRS institutionally uses

3

specialized Revenue Agents like RA Brown for just such a purpose, contrary to the dictates of *Tweel* and *LaSalle*.

8.  Additionally, the IRS routinely fails to follow the required administrative steps in a criminal inquiry that predicated the Court's decision in *LaSalle*. Principally, this includes routinely using civil summonses to aid and support a grand jury inquiry, opening a grand jury inquiry without any recommended referral for prosecution in many instances, and denying citizens under inquiry and investigation *Miranda* notices or their administrative conference rights. These are the protocols the IRS assured the Supreme Court they would follow. It was IRS's adherence to these protocols that predicated generous use of summonses by criminal investigators while, at the same time, prevented any potential misuse of civil summonses through pursuit of evidence of criminal wrongdoing outside the grand jury process and the rules of criminal procedure. These protocols are infirm and easily evaded under current tax policy administration. Even more egregious, the IRS no longer follows the limits proscribed by *Tweel*, frequently failing to disclose to targeted taxpayers the criminal referral intended or in process concerning them, and more than occasionally, making material misrepresentations to them about the criminal nature of audits and collection matters, such that counselors and taxpayers can increasingly not rely on the attestations of IRS agents and auditors when making critical compliance and testimonial decisions in what is supposed to be the civil part of the process. *See United States v. Tweel*, 550 F.2d 297 (5th Cir. 1977); *United States v. Dahlstrum*, 493 F.Supp. 966 (C.D. Cal. 1980).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed on this the 6th day of December, 2010.

_____
Robert G. Bernhoft, Esquire